# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**       **:**

                                               **:**

**vs.**                                 **: CRIMINAL NO.: 1:10-cr-319-0**

                                               **:**

**BRADLEY LOREN KAM**                **:**

## MOTION TO TERMINATE SUPERVISED RELEASE

Now comes Bradley Loren Kam ("Kam"), through counsel, who files herewith his Motion to Terminate Supervised Release, showing to this Honorable Court the following:

### 1.

Kam plead guilty in this case to a one count criminal information charging him with Conspiracy to Possess with Intent to Distribute at Least 100 Kilograms of Marijuana in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(vii) and 846.

### 2.

On October 25, 2010 Kam was sentenced to serve a term of thirty (30) months in prison followed by a term of four (4) years of Supervised Release.

### 3.

Kam served his prison sentence at FCI Talladega from February 28, 2011 to April 10, 2012. While in prison, Kam successfully completed the 500 hour RDAP

drug treatment program.   Kam also taught a real estate investment class at FCI

Talladega.  Kam also had a spotless record at FCI Talladega without a single

disciplinary action against him.

4.

From April 10, 2012 to July 30, 2012, Kam was housed at Dismas, a halfway

house in Atlanta.  From July 30, 2012 to October 26, 2012, Kam was on home

confinement at his parent's house.  While serving time at the halfway house and on

home confinement, Kam worked for The Shopping Center Group, a commercial

real estate firm. The total time served by Kam from February 28, 2011 to October

26, 2012 was twenty (20) months.

5.

While he was incarcerated, Kam became interested in technology and

decided that he wanted to pursue a career in that arena. He spent all of his free time

reading articles, books (103 in 13 months) and other materials about the industry.

He started communicating with a friend of his named Allan Grant, a successful

Silicon Valley entrepreneur originally from Atlanta. In about June, 2012, Mr. Grant

suggested that Kam move to San Francisco and join his company, Curebit

(curebit.com), a startup focusing on marketing technology for retailers, in a

marketing/business role.

6.

On November 29, 2012, Kam moved to the San Francisco area and started working at Curebit.  In San Francisco, Kam embraced the technology scene and has made many connections. He says that he has found a lifelong passion and will likely continue working in this industry. At Curebit, Kam started out in a low level marketing position. He now earns $80,000 a year and is in charge of all business decisions.  He is on track to be named President of the Company and has an equity stake in the company.  He has also spoken at a number of technology forums including 500 Startups, a prominent technology organization in Silicon Valley.

7.

While Kam has enjoyed remarkable success at Curebit, the fact that he is on supervised release  negatively impacting his ability to take full advantage of opportunities within the company.  According to founder Allan Grant, potential investors he has spoken to are comfortable with a President of the company who has a marijuana conviction, but not one who is still under supervision.  According to Grant, the perception is that a person on supervised release can return to prison.

While Grant has expressed full confidence that Kam will not get in trouble again, he says that this public perception issue must be resolved before Kam can be promoted to run the company. Moreover, Grant says if this issue is not resolved soon, he will be constrained to find someone else who can fill the position of

President of the company because Curebit is growing rapidly and needs a president as soon as possible.

8.

In addition to the foregoing, the company wants Kam to be able to attend important conferences and pursue business opportunities for the company overseas. These activities are not reasonably doable while on supervised release. Curebit currently has several customers in Europe and Latin America.  Expansion of this business is inhibited because Kam cannot easily travel internationally to develop these and new relationships. Moreover, the development team is in Kiev, Ukraine and Kam is unable to travel there to work with that group on a personal level. A letter from Allan Grant in support of Kam is attached hereto as Exhibit 'A".

9.

18 U.S.C. §3583(e)(1) provides that this court may, after considering the factors set out in 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice".

10.

Last year, a study of the early termination of supervision of low-risk offenders issued by the Administrative Office of the U.S. Courts concluded that the practice not only saves money, it does so without compromising public safety. The study showed that in fiscal 2012 early termination of the supervision of more than 7,000 offenders saved more than $7.7 million. (A copy of the study is attached hereto as Exhibit "B").

Judge Robert Holmes Bell, Chair of the Judicial Conference Committee on Criminal Law, said of early termination that "[t]his practice promotes justice, conserves resources, and protects the public".  (Memorandum from Judge Bell to all District Court Judges discussing, in part, early termination is attached hereto as Exhibit "C").

Early termination of low risk offenders allows federal districts to devote more resources to supervising and servicing offenders who are a greater risk to society. Criteria identified by the Judicial Conference to help identify offenders for early termination include stable community reintegration, progressive strides toward supervision objectives, no history of violence, no aggravated role in the offense of conviction, no recent of alcohol or drug abuse, no psychiatric episodes, and no identifiable risk to public safety.

11.

Kam has been on supervised release since November, 2012. As of May, 2014, he had served eighteen (18) months on supervised release. As noted above, under the statute, he was eligible for consideration for early termination after the expiration of one year of supervised release.

12.

Undersigned counsel has contacted AUSA Jenny Turner, who prosecuted this case, and asked whether the government would agree not to oppose early termination for Kam.  Ms. Turner indicated that her office would let the Court know its position after this Motion was filed.

13.

Counsel has also been in touch with Kam's current probation officer in San Francisco, Aaron Tam. Mr. Tam's email is Aaron_Tam@canp.uscourts.gov.  Mr. Tam's telephone number is (415) 436-7118. Mr. Tam confirmed to counsel that Kam has not caused any problems while under his supervision.

Mr. Tam did express to Kam, but not to undersigned counsel, that he did not like the fact that Kam socialized with his co-defendant, Matthew Gould ("Gould"), after hours of their work at Curebit.  We  respectfully point out that Kam and Gould are completely immersed in their work and that any "socializing" generally

6

involves continual strategizing about the growth of the company.  Moreover, the impeccable success of Kam points away from the idea that his current association with Gould should be held against him.

Counsel asked Mr. Tam whether he would agree not to oppose early termination of supervised release.  Mr. Tam said he was going to talk to Kam and to people in his own office and get back to me on that request.

14.

We respectfully submit that Kam has done extremely well since he began his incarceration over three years ago. His accomplishments while in prison and after release while in the halfway house and under home confinement were remarkable. While at FCI Talladega, he completed the 500 hour RDAP program and taught a real estate investment class.  Over the course of his sentence, he read numerous articles and over 100 books on the technology industry and he worked at a commercial real estate firm.

He then moved to San Francisco where he has experienced a remarkable rise through he ranks of his employer, Curebit to the point where is poised to become President of the company if he can get his supervised release terminated.  Kam has also been a model probationer who has had no problems whatsoever while on supervised release.

15.

We respectfully submit that Kam poses no risk to society. On the contrary, he has completely turned his life around to become a highly successful and productive member of society. There is no indication that he has been abusing alcohol or drugs.  He has no history of violence. There was no aggravated role in the offense.  Moreover, as the court may recall, Kam cooperated fully with the government and accepted responsibility for his crime. In light of the foregoing we submit that Kam is exactly the type of successful, low-risk probationer that Judge Robert Holmes Bell was talking about when he encouraged district court judges to consider early termination of supervised release in appropriate cases.

Wherefore, for the foregoing reasons, we respectfully ask that this Court terminate Kam's supervised release in this case.

Respectfully submitted,

 s/Seth D. Kirschenbaum
Seth D. Kirschenbaum
Georgia Bar No.: 424025
Attorney for Bradley Kam

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO
918 Ponce de Leon Ave., NE
Atlanta, GA 30306
(404) 688-2000   (404) 872-1622 Facsimile
seth@dzkl.com

8

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, I electronically filed the foregoing

Motion to Terminate Supervised Release with the Clerk of Court using the ECF

system which will send notification of such filing to the following: AUSA Jenny

Turner.

Respectfully submitted,

/s/ Seth D. Kirschenbaum
SETH D. KIRSCHENBAUM
Georgia Bar No.: 424025
Attorney for Bradley Kam

DAVIS, ZIPPERMAN, KIRSCHENBAUM & LOTITO, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306
(404) 688-2000   (404) 872-1622 Facsimile
seth@dzkl.com